# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Ponda R. Truss, et al.,  Case No. 3: 17-cv-1188

    Plaintiffs

v.  MEMORANDUM OPINION

Nationwide Mutual Fire Insurance Co.,

    Defendant

## I. PROCEDURAL BACKGROUND

Ponda R. and Robert E. Truss had their 2009 Dodge Journey insured with Nationwide Mutual Fire Insurance Company. In August 2012, Ponda Truss's vehicle was involved in a collision with an uninsured party, Terri Lynn Jewell.

In June 2014, the Trusses, acting *pro se*, filed an action in this Court against Ms. Jewell. *Truss, et al. v. Jewell, et al.*, Case No 3:14-cv-1381 (N.D. Ohio). Counsel appeared for the Trusses and the Defendant Nationwide moved to intervene in that case. At the Case Management Conference on October 22, 2014, and with the Hon. James G. Carr presiding, the parties agreed to a dismissal without prejudice with the Trusses having the right to re-file their action in state court by June 1, 2015. *Truss v. Jewell*, (Doc. No. 8).

The Trusses, acting *pro se*, filed an action in the Lucas County Court of Common Pleas against multiple parties including Nationwide Insurance. *Truss, et al. v. Holmes, et al.*, CI2015-5015. On May 11, 2018, the case was dismissed with prejudice upon stipulation of the parties.

On June 6, 2017, the Trusses, acting *pro se*, filed this action against Nationwide alleging a variety of federal and state causes of action in their nine-page complaint. According to their complaint their claims against Nationwide are based on the following allegations:

10. On July 10, 2014, Plaintiff, Ponda R. Truss, employed Rubin-Zyndorf, Attorneys at Law (See Exhibit 10). Plaintiff Ponda R. Truss informed Sol Zyndorf that a suit was filed against Terri Jewell in federal court and that Nationwide had offered her $1000 to sign the *Release and Trust Agreement Under Uninsured/Underinsured Motorist Coverage* (See Exhibit 9). Plaintiff, Ponda R. Truss responded by sending a letter requesting $100,000 (See Exhibit 14).

11. Plaintiffs, Ponda R. Truss and Robert E. Truss received a letter dated July 14, 2014 from Law Office, signed Ted Mohler with Edward T. Mohler typed under the signature. In the letter, Mr. Mohler states, "*I am representing the interest of Nationwide Mutual Insurance Company in the above-captioned lawsuit*" (See Exhibit 13). Plaintiff, Ponda R. Truss faxed this letter to Sol Zyndorf on July 22, 2014.

12. On June 12, 2015, Sol Zyndorf recommended that only Plaintiff, Ponda Truss sign the *Release and Trust Agreement Under Uninsured, Underinsured Motorist Coverage* (See Exhibit 12).

(Doc. No. 1 at p. 3). (Emphasis in original).

The causes of action alleged include the following: (1) breach of contract; (2) breach of contract; (3) unreasonable delay or denial; (4) ambiguous insurance policy; (5) prejudice; (6) prejudice; (7) prejudice; (8) fraud; (9) antitrust-violation of Federal Trade Commission Act; (10) antitrust-violation of the Sherman Antitrust Act of 1890; (11) antitrust-violation of McCarran-Ferguson Act; (12) antitrust-violation of the Clayton Act of 1914; and (13) breach of fiduciary duty.

This matter is now before me on the Defendant's motion to dismiss pursuant (Doc. No. 8), the Plaintiffs' response (Doc. No. 16), and the Defendant's reply (Doc. No. 17). Also pending are the Plaintiff's motion for default judgment and their motion to amend the civil cover sheet.

## II. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

A. Applicable Legal Standard

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in

the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

B. Discussion

The Defendant moves for dismissal on the federal causes of action, the antitrust violations, as it contends Plaintiffs are unable to state a viable cause of action as to any of these claims. In contrast, the *pro se* Plaintiffs indicate their complaint contains sufficient grounds and notice of their claims. I now turn to consider each of the antitrust claims in turn.

1. Alleged violation of the Federal Trade Commission Act

The Plaintiffs allege violations of the Federal Trade Commission Act because Nationwide "agreed to the policy amounts and charged the insured Plaintiffs the premium and fees based upon that amount." (Doc. No. 1 at ¶ 27). They contend Nationwide's "act is deceptive because they had no intentions of paying the liability amounts." (*Id.*).

The Federal Trade Commission Act is an enforcement statute which addresses "unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce." 15

3

U.S.C. § 45. The FTCA does not provide for a private right of action. *Tacker v. Wilson*, 830 F.Supp. 422, 429-30 (W.D. Tenn. 1993) (citing *FTC v. Owens-Corning Fiberglas Corp.*, 853 F.2d 458 (6th Cir. 1988), *cert. denied*, 489 U.S. 1015 (1989)). In enacting the FTCA, Congress placed the determination of whether a practice was unfair or deceptive within the province of that administrative agency. Morales v. Walker Motor Sales, Inc., 162 F.Supp.2d 786, 790 (S.D. Ohio 2000).

As there is no private right of action, Plaintiffs fail to state a viable cause of action as to this claim. Therefore, the Ninth Cause of Action is dismissed.

2. Alleged Violation of the Sherman Antitrust Act of 1890

In support of this claim, the Plaintiffs allege:

Plaintiffs are intimidated after learning that the attorneys employed by Nationwide Mutual Fire Insurance Company are members of the Ohio State Bar Association. Plaintiffs are powerless and have no protection. In fact, Attorney Mohler has asked for the names and addresses of plaintiffs[sic] family members during the deposition. Plaintiffs have experienced emotional abuse and lack of trust in the justice system because of Defendants conduct.

(Doc. No. 1 at ¶29).

The United States Supreme Court described the liability aspects between § 1[1] and § 2[2] of the Sherman Antitrust Act as follows:

[T]he applicability of § 1 to "every contract, combination. . . or conspiracy" could be understood to cover every conceivable agreement, whether it be a group of competing firms fixing prices or a single firm's chief executive telling her subordinate how to price their company's product. But even though "read literally," § 1 would address "the entire body of private contract," that is not what the statute means. *National Soc. of Professional Engineers v. United States*, 435 U.S. 679, 688, 98 S.Ct. 1355, 55 L.Ed.2d 637 (1978); see also *Texaco Inc. v. Dagher*, 547 U.S. 1, 5, 126 S.Ct. 1276, 164 L.Ed.2d 1 (2006) ("This Court has not taken a literal approach to this language"); cf *Board of Trade of Chicago v. United States*, 246 U.S. 231, 238, 38 S.Ct. 242,

---

[1] Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal. Every person who shall make contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court.

[2] Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or both said punishments, in the discretion of the court.

4

>62 L.Ed. 683 (1918) (reasoning that the term "restraint of trade" in § 1 cannot possibly refer to any restraint on competition because "[e]very agreement concerning trade, every regulation of trade, restrains. To bind, to restrain, is of their very essence"). Not every instance of cooperation between two people is a potential "contract, combination. . ., or conspiracy, in restraint of trade." 15 U.S.C. § 1.
>
> . . . . .
>
> Section 1 applies only to concerted action that restrains trade. Section 2, by contrast, covers both concerted and independent action, but only if that action "monopolize[s]," 15 U.S.C. § 2, or "threatens actual monopolization," *Copperweld*, 467 U.S. at 767, 104 S.Ct. 2731, a category that is narrower than restraint of trade. Monopoly power may be equally harmful whether it is the product of joint action or individual action.

*American Needle, Inc. v. National Football League*, 560 U.S. 183, 189-90 (2010).

To establish a violation under § 1, a plaintiff must show "(1) a contract, combination or conspiracy, (2) affecting interstate commerce, and (3) an unreasonable restraint of trade." *Weber v. National Football League*, 112 F.Supp.2d 667, 671 (N.D. Ohio 2000) citing *Mowery v. Standard Oil of Ohio*, 463 F.Supp. 762, 765 (N.D. Ohio 1976). Viewing the Plaintiffs' allegations through the lens of these requirements, I find they do not raise a plausible inference of an unlawful agreement to restrain trade as to a § 1 claim. *See Erie County, Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 869 (6th Cir. 2012).

To state a claim of attempted monopolization under §2, a plaintiff must establish: "(1) a specific intent to monopolize; (2) anti-competitive conduct, and (3) a dangerous probability of success." *Dodge Data & Analytics LLC v. iSqFt, Inc.*, 183 F.Supp.3d 855, 865 (S.D. Ohio 2016) quoting *Tarrant Serv. Agency, Inc. v. Am. Standard, Inc.*, 12 F.3d 609, 615 (6th Cir. 1993). Again, examining the pleadings of the Plaintiffs and giving them a generous reading, their allegations do not rise to a violation of attempted monopolization. Additionally, they fail to allege an antitrust injury which contends "an adverse effect on prices, output, or quality of good in the relevant market as the result of the challenged actions." *Dodge Data*, 183 F.Supp.3d at 864. Accordingly, the Tenth Cause of Action is dismissed.

### 3. Alleged Violation of McCarran-Ferguson Act

In support of their Eleventh Cause of Action, the Plaintiffs allege:

[T]hat Defendants, Nationwide Mutual Fire Insurance Company is in violation of the McCarran-Ferguson Act. Nationwide's activities are not confined to just the insurance business, but also involves the Ohio State Bar Association and its members, who are attorneys that are employed by Nationwide Mutual Fire Insurance Company.

(Doc. No. 1 at ¶ 31).

The McCarran-Ferguson Act was Congress' response to the Supreme Court's decision in *United States v. South-Eastern Underwriters Assn.*, 322 U.S. 533, 553 (1944). There the Court found that an insurance company doing business across state lines was engaged in interstate commerce. The Court also found the Sherman Act applied to the "business of insurance." *Id.* To allay the threat to state power and concerns within the insurance industry, the McCarran-Ferguson Act was passed and explained by the Supreme Court as follows:

> Concerned that our decision might undermine state efforts to regulate insurance, Congress in 1945 enacted the McCarran-Ferguson Act. Section 1 of the Act provides that "continued regulation and taxation by the several States of the business of insurance is in the public interest," and that "silence on the part of the Congress shall not be construed to impose any barrier to the regulation or taxation of such business by the several States." 15 U.S.C. § 1011. In § 2(b) of the Act-the centerpiece of this case-Congress ensured that federal statutes not identified in the Act or not yet enacted would not automatically override state insurance regulation. Section 2(b) provides that when Congress enacts a law specifically relating to the business of insurance, that law controls. See § 1012(b). The subsection further provides that federal legislation general in character shall not be "construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance." Ibid.
>
> The McCarran-Ferguson Act thus precludes application of a federal statute in face of state law "enacted ... for the purpose of regulating the business of insurance," if the federal measure does not "specifically relat[e] to the business of insurance," and would "invalidate, impair, or supersede" the State's law. See Department of Treasury v. Fabe, 508 U.S. 491, 501, 113 S.Ct. 2202, 124 L.Ed.2d 449 (1993).

*Humana Inc. v. Forsyth*, 525 U.S. 299, 306-07 (1999) (footnote omitted). The Court clarified that the "exception [wa]s for the 'business of insurance,' not the 'business of insurers.'" *Group Life & Health*

*Ins. Co. v. Royal Drug Co.*, 440 U.S. 205, 211 (1979). Conduct which is part of the "business of insurance" and does not constitute a boycott, coercion or intimidation, is exempt from antitrust liability under this Act. *See In re Title Ins. Antitrust Cases*, 702 F.Supp.2d 840, 900 (N.D. Ohio 2010) citing 15 U.S.C. §§ 1012(b) & 1013(b).

In order to determine whether the McCarran-Ferguson Anti-trust exemption applies, the following factors are necessary: (1) whether Nationwide's activities were within the business of insurance; (2) whether Nationwide's conduct is regulated by state law; and (3) whether the conduct alleged rises to allegations of a boycott, coercion or intimidation. *Id.* at p. 905. The Plaintiffs' pleadings and their response to the motion to dismiss provide no basis upon which to sustain a viable cause of action under the McCarran-Ferguson Act. Accordingly, the Plaintiffs' Eleventh Cause of Action is dismissed.

  4. <u>Violation of the Clayton Act of 1914</u>

In their Twelfth Cause of Action, the Plaintiffs contend:

> [T]hat Defendants, Nationwide Mutual Fire Insurance Company is in violation of the Clayton Act of 1914. The Ohio State Bar Association, a separate entity of attorney members has allowed its members to acquire stock in Nationwide Mutual Fire Insurance Company.

(Doc. No. 1 at ¶ 33).

A general overview of the Clayton Act was provided by district court in *Re/Max Intern. V. Realty One, Inc.*, 900 F.Supp. 132, 145 (N.D. Ohio 1995):

> Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 & 2, are broadly worded statutes designed to counter restraints of trade and monopolistic practices, but are actionable by private individuals only through Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 & 26. Section 4 of the Clayton Act allows private enforcement of the antitrust laws through a treble damages action by "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws[.]" 15 U.S.C. § 15.

An initial inquiry considers whether a plaintiff has asserted a cognizable antitrust injury and is a proper plaintiff able to assert an antitrust violation. *In re Southeastern Milk Antitrust Litigation*, 555

F.Supp.2d 934, 944 (E.D. Tenn. 2008) citing *Indeck Energy Servs. v. Consumers Energy Co.*, 250 F.3d 972, 976 (6th Cir. 2000).

To constitute an antitrust injury, it must be "attributable to an anti-competitive aspect of the practice under scrutiny." *Atlantic Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 334 (1990). The allegation that the Ohio State Bar Association "has allowed its members to acquire stock in Nationwide" does not constitute a viable antitrust injury. Plaintiffs' opposition to Defendants motion alleges prejudice by Nationwide by employing an Ohio attorney (Mr. Ted Mohler) who also happens to be a member of the Ohio State Bar Association. They contend this is a conflict but cite no authority in support of their position. Even if I were to assume there was a professional conflict of interest by Nationwide's Ohio counsel, this finding does nothing to advance the Plaintiffs' antitrust allegations.

As the Plaintiffs have failed to articulate a viable cause of action under the Clayton Act, their Twelfth Cause of Action is also dismissed.

### III. REMAINING CLAIMS

The Defendant also requests I decline supplemental jurisdiction over the remaining claims.

As all of the federal claims are dismissed and the remaining causes of action are state law claims, it is appropriate for me to consider supplemental jurisdiction under 28 U.S.C. § 1367(c). Supplemental jurisdiction may be declined where all of the claims the court had original jurisdiction over are dismissed or where there are other compelling reasons for declining jurisdiction. § 1367(c)(3) and (4).

In this case, Plaintiffs commenced this litigation under 28 U.S.C. § 1331, invoking jurisdiction of a federal question. I have determined the federal causes of action are not viable as a matter of law. I am also aware of related state court litigation which is in progress before the Lucas County Court of Common Pleas. As the interests of judicial economy and avoiding duplication of efforts weighs in favor of declining supplemental jurisdiction, I find the Defendant's position well

8

taken. *See Skipper v. Clark*, 150 F.Supp.3d 820, 828 (W.D. Ky. 2015) citing *Landefield v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

## IV. CONCLUSION

For the reasons stated above, the Defendant's motion to dismiss (Doc. No. 8) is granted. Plaintiffs' motions to amend the civil cover sheet (Doc. No. 6) and for default judgment (Doc. No. 7) are denied as moot.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge